FRANCISCO ORTEGA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

Núm. 447.—*Sometido:* Febrero 1, 1952.  *Resuelto:* Febrero 28, 1952.

*Benjamín Rodríguez Ramón,* abogado del recurrente; *Ángel de de Jesús Matos* y *Donald R. Dexter,* abogados del Administrador del Fondo del Estado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Allá para el 4 de noviembre de 1950, Generoso Ortega Rivera trabajaba en unión a otros obreros en una excavación que se llevaba a cabo en un solar radicado en la calle Dr. Veve, frente a la plaza de recreo, de Bayamón. Ocurrió un derrumbe, como resultado del mismo Generoso sufrió un acci-

dente y un día más tarde murió. Hecha la reclamación correspondiente al Fondo del Seguro del Estado, el Administrador resolvió que Gloria Rivera Colón, quien hacía 8 años que con anterioridad al fallecimiento del obrero vivía honestamente con éste en estado de público concubinato y de él dependía, era su única beneficiaria y le otorgó una compensación de $2,934.

Llevado en apelación el caso ante la Comisión Industrial por el padre del interfecto, dicho organismo, luego de oír prueba testifical, resolvió que "Gloria Rivera Colón y Generoso Ortega estuvieron viviendo juntos, como marido y mujer, en estado de público concubinato, durante 6 u 8 años con anterioridad a la muerte del obrero. La prueba demuestra que en ocasiones en que Generoso Ortega no tenía trabajo, su concubina trabajaba y lo mantenía. Demuestra la prueba que entre Generoso Ortega y Gloria Rivera Colón hubo cierta desavenencia y estuvieron separados durante un término de dos meses, en cuyo tiempo ella tuvo relaciones con otro hombre, pero retornó inmediatamente después de los dos meses al hogar de Generoso Ortega y continuaron viviendo como marido y mujer. Viviendo juntos Generoso Ortega y Gloria Rivera Colón, fué que Ortega sufrió el accidente del trabajo que lo privó de la vida . . .". A la luz de los anteriores hechos resolvió: "(1) Que Gloria Rivera Colón era la concubina de Generoso Ortega, quien al tiempo de la muerte del obrero y durante los últimos 8 años con anterioridad al fallecimiento de éste, vivió con el obrero como marido y mujer (sic) en estado de público concubinato, y dependía totalmente para su subsistencia de lo que ganaba Generoso Ortega al día de su muerte, teniendo derecho a compensación, y (2) que Francisco Ortega, padre del obrero occiso, dependía parcialmente para su subsistencia de lo que ganaba Generoso Ortega Rivera al día de su muerte, y por lo tanto tiene derecho a parte de la compensación." Solicitada reconsideración por Francisco Ortega, la Comisión dictó nueva resolución en que hizo constar que habiendo estudiado los funda-

mentos de la solicitud y su resolución anterior, no creía haber cometido error alguno ni en la interpretación de los hechos ni de la ley, por lo cual resolvía declararla sin lugar.

A instancias de Francisco Ortega, quien acudió ante nos con un recurso de revisión, requerimos a la Comisión recurrida que enviara al Secretario Repórter de este Tribunal el expediente del caso. Alega ahora el recurrente que la Comisión erró al resolver que Gloria Rivera Colón vivió honestamente en público concubinato con el obrero Generoso Ortega Rivera durante los últimos tres años anteriores a su muerte y que para dicha fecha dependía del occiso para su sustento.

Por disposición expresa del artículo 3, párrafo 5, de la Ley 45 de 18 de abril de 1935 (págs. 251, 257) según fué enmendado por la número 284 de 15 de mayo de 1945 (págs. 1037, 1039) "Si el obrero o empleado dejare una viuda, padres . . . o nietos cualquiera de los cuales dependiera total o parcialmente para su subsistencia de lo que ganaba el obrero o empleado fallecido al tiempo de su muerte, recibirán una compensación de dos mil (2,000) a tres mil quinientos (3,500) dólares que se graduará . . .; *Disponiéndose, que a los efectos de compensación se considerará con derecho a la participación correspondiente en la compensación a la mujer que al tiempo de la muerte del obrero, y durante los últimos tres años con anterioridad al fallecimiento, haya vivido con el obrero honestamente como marido y mujer, en estado de público concubinato.*" (Bastardillas nuestras.)

¿Demostró en este caso la prueba que la Comisión tuvo ante sí que Gloria Rivera Colón vivió en estado de público concubinato con el obrero Generoso Ortega Rivera tal como requiere la ley durante los últimos tres años con anterioridad al fallecimiento de él? Ése es el meollo de la cuestión que está ante nos. Provee de manera clara el artículo 11 de la

Ley 45, supra, según fué enmendada por Ley 121 de 2 de mayo de 1940 (págs. 729, 733) que el recurso de revisión autorizado contra decisiones de la Comisión Industrial "solamente podrá concederse sobre cuestiones de derecho o apreciación de prueba cuando ésta sea de carácter pericial." En su consecuencia, con la apreciación de la prueba no pericial hecha por la Comisión Industrial este Tribunal no intervendrá a no ser que su conclusión a ese respecto esté enteramente desprovista de evidencia que la sostenga. Ello es así porque en ese caso tal conclusión de hechos constituye un error de derecho y puede, por ende, ser revisada por nosotros. *Montaner* v. *Comisión Industrial*, 54 D.P.R. 722, 725.

Para determinar si la conclusión de hechos a que llegó la Comisión recurrida, al efecto de que Gloria Rivera Colón y Generoso Ortega Rivera estuvieron viviendo juntos, como marido y mujer, en estado de público concubinato, durante 6 u 8 años, es decir, conforme dispone la ley de manera taxativa, "durante los últimos tres años con anterioridad al fallecimiento" accidental de Generoso o si por el contrario tal conclusión de hechos está enteramente desprovista de prueba que la sostenga, se hace necesario revisar, siquiera a grandes rasgos, la ofrecida en este caso. Ésta es en síntesis al efecto de que Gloria y Generoso, siendo aún niños (para aquel entonces ambos tenían de 14 a 15 años de edad) se pusieron a vivir como marido y mujer en una casita que había en una finca perteneciente a un tal Luis Rivera; que durante el año 1950 Gloria abandonó a Generoso y se fué a vivir con Rafael Báez en la casa de la madre de éste; que vivió con Báez durante dos meses y quedó encinta de él, naciendo como resultado de esas relaciones en 22 de enero de 1951 una niña llamada Nellie Báez; que Generoso, quien se fué primero a vivir junto a su padre y luego abandonó el barrio, regresó al cabo de los dos meses y Gloria, quien hacía dos días que se había dejado de Báez, reanudó sus relaciones con Generoso;

que luego de reanudadas esas relaciones él no consiguió trabajo por espacio de tres meses y ella, quien trabajaba en un despalillado, lo mantenía; y que precisamente la semana que empezó a trabajar tuvo el accidente que le ocasionó su muerte. ¿Sostiene esa prueba la conclusión de que Gloria Rivera Colón vivió con el obrero Generoso Ortega Rivera en estado de público concubinato durante los últimos tres años anteriores al fallecimiento del obrero?   Creemos que no.

A los fines de la acción de reconocimiento autorizada por el inciso tercero del artículo 125 del Código Civil, dijimos en *Vázquez* v. *De Jesús*, 65 D.P.R. 900, 903, que el concepto de concubinato en su esencia comprende la relación entre un hombre y una mujer que hacen vida de esposos sin serlo. Para los fines del caso que está ante nuestra consideración opinamos que la frase "en estado de público concubinato" tiene un significado y alcance similar.   Concluímos, en su consecuencia, que la prueba demuestra que Gloria y Generoso vivieron en concubinato por un número de años.   Ahora bien, habiéndolo ella abandonado por espacio de dos meses en el año 1950 y habiendo Generoso muerto en dicho año, forzoso es concluir que la prueba no demuestra que ella vivió con el occiso en concubinato durante todo el tiempo correspondiente a los últimos tres años inmediatamente anteriores a la muerte de éste.   Por tanto, la conclusión a que llegó la Comisión estuvo enteramente desprovista de prueba, y constituyendo tal error uno de derecho la ley nos faculta para intervenir con semejante conclusión y para anular o revocar la misma.

Dado el criterio anteriormente expresado, no es necesario discutir si Gloria vivió "honestamente" o no con Generoso durante su concubinato con éste.

*Debe anularse la resolución recurrida y devolverse el recurso a la Comisión Industrial para ulteriores procedimientos consistentes con esta opinión.*